**BLC Law Center, APC**
Ahren A. Tiller, Esq. [SBN 250608]
ahren.tiller@blc-sd.com
1230 Columbia Street, Suite 1100
San Diego, CA 92101
Telephone: (619) 894-8831
Facsimile: (866) 444-7026

**Doan Law Firm**
Michael G. Doan, Esq. [SBN: 175649]
mike@doanlaw.com
Karen Spicker, Esq. [SBN: 127934]
karen@doanlaw.com
1930 S. Coast Hwy Ste. 206
Oceanside, CA 92054
Telephone (760) 450-3333
Facsimile: (760) 720-608

Attorneys for Plaintiff
INGRID GUIDO, Individually and
On Behalf of All Others Similarly Situated

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INGRID GUIDO, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> STRATEGIC FUNDING SOURCE, INC., <br><br> Defendants. | Case No.: **'18CV1995 AJB  AGS** <br><br> CLASS ACTION COMPLAINT FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF FOR VIOLATIONS OF: <br><br> 1.) CALIFORNIA'S UNFAIR COMPETITION LAW (CAL. BUS. PROF. C. § 17200 *et seq.*) <br><br> JURY TRIAL DEMANDED |

## INTRODUCTION

1. Plaintiff INGRID GUIDO (hereinafter referred to as "Plaintiff"),

    Individually and On Behalf of All Others Similarly Situated, brings this class

    action against STRATEGIC FUNDING SOURCE, INC. (hereinafter

1. "SFSI" or "Defendant") to seek recompense for herself and all borrowers who borrowed personal loans from Defendant. Defendant's business model is to charge exorbitantly high and unconscionable fees and interest rates, in violation of numerous consumer protection statutes. Plaintiff seeks compensatory, statutory, punitive damages, injunctive relief, and attorney's fees and costs.

2. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's Counsel, which Plaintiff alleges on personal knowledge.

3. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action under 28 U.S.C. §1332(d), because this is a class action in which: (i) the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; (ii) members of the proposed Class are citizens of a State different from Defendants; and (iii) the number of Class Members is greater than 100.

5. Defendant has sufficient minimum contacts with California and have otherwise intentionally availed itself of the markets in California through the promotion, marketing, and sale of its products and services, sufficient to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6. Venue is proper in this District under 28 U.S.C. §1391(b)(2) and (3) because: (i) a substantial part of the events or omissions giving rise to these claims occurred in this District; (ii) Defendants are subject to the Court's personal jurisdiction with respect to this action because Defendant conducts business in this judicial

district; and (iii) Plaintiff resides in this judicial district.

## PARTIES

7. Plaintiff and those similarly situated, are and at all times mentioned herein were, individual citizens and residents of the United States of America, State of California.

8. Plaintiff is, and all times mentioned herein was, an individual citizen and resident of the County of San Diego, State of California.

9. Defendant SFSI is a New York Corporation, whose headquarters is in the State of New York.

10. Defendant SFSI is, and was at all times herein, licensed to conduct business in the State of California, and is a licensed California lender.

11. Defendant SFSI's primary business is offering short-term high-interest loans to borrowers, at times with interest rates that exceed 130% and default clauses calling for penalties of up to $5,000.00 for merely switching a bank account.

## GENERAL ALLEGATIONS

12. Defendant SFSI lends to individuals who have limited credit opportunities and provides funding to individuals subject to loan terms that most individuals are unable to repay in full.  The result of this practice is that the vast majority of the loans made by Defendant SFSI are essentially "interest only" loans and/or subject to default and additional penalties.

13. Defendant SFSI's business model is to charge usurious interest rates so that most borrowers are locked in to loans they cannot afford to repay, and instead end up repaying many times the face value of the loan without significantly reducing the principal balance owed.

14. Defendant SFSI's pernicious loan terms create a scenario where most borrowers take out a loan in times of emergency only to find later that they are unable to repay the loan within any reasonable time period.  In many cases, borrowers are unable to simply avoid default.  As the loans progress, SFSI reaps significant

profits from its exorbitant interest and fees, while borrowers are unable to tangibly decrease the principal balance.

15. Once borrowers fall into default, SFSI compounds its profits by adding default interest and penalties and aggressively pursues collection efforts.

16. Defendant SFSI lends to borrowers via its website and online application portal, as well as via mail and written loan correspondence.

17. On June 12, 2017, Plaintiff entered into a Loan Agreement with Defendant, which provided that Defendant would loan a principal sum of $20,500.00 to Plaintiff, subject to a 2.5% origination fee, and that Plaintiff would in turn make weekly payments of $631.82, for total repayment of $28,495.08 ("Loan Agreement").

18. No interest rate is explicitly stated in the Loan Agreement, although the above terms would roughly equate to a loan term of 45 weeks (approximately 10.5 months) and an interest rate of 74%.

19. The Loan Agreement further provided that upon default an additional fee of $5,000.00 is automatically assessed, and that upon the Plaintiff placing a "block" on automatic ACH withdrawals (i.e., any non-payment), an additional $2,500.00 in fees are assessed, totaling $7,500.00 for an immaterial default.

20. The additional $7,500.00 in fees would equate to an approximate default interest rate in excess of 130%. Such a fee could apply for simply switching a bank account.

21. The Loan Agreement was presented to Plaintiff as well as the other similarly situated members of the class on a take it or leave it basis. Plaintiff and the members of the class had zero bargaining power or power to negotiate with regards to any transactions with SFSI.

22. The Loan Agreement was a consumer contract of adhesion under applicable California and Federal Law as it was drafted by SFSI, the party in a position of superior bargaining strength, and imposed upon Plaintiff without the

opportunity to negotiate any terms.

23. SFSI intentionally made the terms of the Subject Loan so onerous that they would be beyond any reasonable ability to repay the amount borrowed as pursuant to the Promissory Note Plaintiff was required to repay a minimum of $28,485.80 within approximately 10.5 months of taking out a loan where Plaintiff saw post-fee proceeds of less than $20,000.00.  For example, Plaintiff repaid nearly $8,000.00 prior to default only to have SFSI assess an additional balance owed in excess of $28,000.00, which would equal to a default interest rate exceeding 130%.

24. SFSI presented the terms of the Promissory Note and disclosure statements to Plaintiff rapidly without any actual opportunity for review.  The Promissory Note and disclosure documents were only provided to Plaintiff upon final signing.  A reasonable borrower in a similar situation would not understand the interest and penalty provisions by virtue of the method SFSI uses to present the information.

25. Plaintiff did not see, recognize, or understand the terms of the Promissory Note and disclosure statement. A reasonable consumer would similarly not understand that the terms and the business practice of SFSI is to present the information in a deceptive and rapid manner that is intended to disguise the terms of the Loans.

26. Plaintiff made payments on the Subject Loan at rates that are unconscionable, thereby suffering actual financial injury as a result.

## CLASS ACTION ALLEGATIONS

27. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 26, inclusive, as though fully set forth.

28. Plaintiff and the members of the Class have all suffered an injury in fact as a result of the Defendant's unlawful conduct.

29. The "Class Period" means 48 months prior to the filing of the Complaint in this

action.

30. Plaintiff brings this lawsuit on behalf of herself and other similarly situated individuals under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedures.  Subject to additional information obtained through further investigation and/or discovery, the proposed class ("Class") consists of:

> All persons in the State of California who obtained loans in excess of $2,500.00 from Defendant, wherein the annual percentage rate (APR) of interest on said loans exceeded 70 percent in the 48 months preceding the filing of this complaint.

A. *Ascertainability*.  The members of the Class are readily ascertainable from Defendant's records of loans issued in the 48 months preceding this filing, and the specific terms and parties identified therein.

B. *Numerosity*.  The members of the Class are so numerous that their individual joinder is impracticable.  Plaintiff is informed and believes, and on that basis alleges, that the proposed class consists of tens of thousands of members, or more.

C. *Existence and Predominance of Common Questions of Law and Fact*.  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class Members.  All members of the Class have been subject to the same conduct and their claims are based on the widespread dissemination of the unlawful, deceptive, and pernicious conduct by Defendant.  The common legal and factual questions include, but are not limited to, the following:

   a. the nature, scope, and operations of the wrongful practices of Defendant;

   b. whether Defendant engaged in a course of unfair, unlawful, fraudulent, and/or pernicious conduct in its lending and loan practices.

  c. whether Defendant knew or should have known that its business practices were unfair, and/or unlawful;

  d. whether Defendant owed a duty of care to Plaintiff and the Class;

  e. whether Defendant's loan products' interest rates were so high that they were unreasonable and/or violated California law and/or public policy.

  f. whether Defendant harmed Plaintiff and the Class; and

  g. whether Defendant was unjustly enriched by its unlawful and unfair business practices.

**D. *Typicality*.** Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff is a member of the Class that Plaintiff seeks to represent. Plaintiff, like members of the proposed Class, was induced by Defendant SFSI to take out a loan with unfair, unlawful, and objectively oppressive terms.

**E. *Adequacy of Representation*.** Plaintiff will fairly and adequately protect the interests of the members of the Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions. Plaintiff has no adverse or antagonistic interests to those of the Class, and will fairly and adequately protect the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and the proposed Class

**F. *Superiority*.** A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the courts and the issues raised by this action. The damages or other financial detriment suffered by individual Class Members may be relatively small compared to the burden

and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the Court system could not. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of a single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Fed. R. Civ. P. 23(b)(3).

31. Unless the Class is certified, Defendant SFSI will continue its unlawful, unfair, and predatory lending practices as described herein. If the Class is certified, the harms to the public and the Class can be easily rectified.

32. Furthermore, Defendant has acted or refused to act on grounds that are generally applicable to the Class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed R. Civ. P. 23(b)(2).

## I.

## FIRST CAUSE OF ACTION

## FOR VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW CAL. BUS. & PROF. CODE §§ 17200 ET SEQ.

33. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 32, inclusive, as though fully set forth.

34. Plaintiff and Defendant are each "person(s)" as that term is defined by Cal. Bus. & Prof. C. § 17201. Cal. Bus & Prof. C. § 17204 authorizes a private right of action on both an individual and representative basis.

35. B & P Code § 17204, a provision of the UCL (B & P C §§ 17200–17209), confers standing to prosecute actions for relief not only on the public officials named therein, but on private individuals, i.e., "any person acting for the interests of itself, its members or the general public." [emphasis added]. The California Supreme Court explained that the purpose of the UCL is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. *McGill v. Citibank, N.A.*, 2 Cal.5th 945, 954 (2017). The primary form of relief available under the UCL to protect consumers from unfair business practices is an injunction. Id. Public injunctive relief is a remedy available to private plaintiffs under the UCL. Id. at 961.

36. "Unfair competition" is defined by Bus. & Prof. Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

### A. *"Unlawful" Prong*

37. By knowingly and intentionally issuing loans with interest rates and penalties that are unconscionable, and objectively unreasonable, Defendant SFSI has routinely engaged in unlawful business practices.

38. The lending practices described herein by Defendant Speedy Cash violate Cal. Fin. C. § 22303 as they violate Cal. Civ. C. § 1670.5. See *De La Torre v. Cashcall Inc.,* No. S241434, 2018 Cal. LEXIS 5749, at *43 (Aug. 13, 2018).

39. Because Defendant SFSI's business entailed violations of both Cal. Fin. C. § 22303 and/or Cal. C. § 1670.5, Defendant SFSI violated California's Unfair

Competition Law, Bus. & Prof. Code §§ 17200 *et seq*., which provides a cause of action for an "unlawful" business act or practice perpetrated on borrowers.

40. Defendant SFSI violated Cal. Bus. & Prof. Code §§17200, *et. seq.* through unfair, unlawful, and deceptive business practices, Defendant SFSI violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200 *et seq*., which provides a cause of action for an "unlawful" business acts or practices perpetrated on borrowers.

41. Defendant SFSI had other reasonably available alternatives to further its legitimate business interests, other than the conduct described herein, such as continuing its massive campaign to provide loans to borrowers at unreasonably high interest rates designed to perpetrate default and a cycle of perpetual payments.

42. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices.  Such conduct is ongoing and continues to this date.

### B. *"Unfair" Prong*

43. Defendant SFSI's actions and representations constitute an "unfair" business act or practice under § 17200 in that Defendant's conduct is substantially injurious to borrowers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous as the gravity of the conduct outweighs any alleged benefits attributable to such conduct.  Without limitation, the business practices describe herein are "unfair" and shock the conscience because they offend established public policy, violate California statutory protections, and are objectively immoral, unethical, oppressive, unscrupulous and/or substantially injurious to borrowers in that Defendant's conduct caused Plaintiff and the Class Members to incur debts at terms that are objectively pernicious and are not intended by SFSI to ever be repaid.

44. At a date presently unknown to Plaintiff, but at least four years prior to the filing of this action, and as set forth above, Defendant committed acts of unfair

competition as defined by Cal. Bus. & Prof. Code §§ 17200 *et seq.*, as described herein.

45. Defendant could and should have furthered its legitimate business interests by not perpetrating fraud on the entire nation.

46. Plaintiff and other members of the Class could not have reasonably avoided the injury suffered by each of them.

47. Plaintiff reserves the right to allege further conduct that constitutes other unfair business acts or practices. Such conduct is ongoing and continues to this date.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief and judgment as follows:

- That this action be certified as a Class Action, Plaintiff be appointed as the representatives of the Class, and Plaintiff's attorneys be appointed Class counsel;
- That Defendant's wrongful conduct alleged herein be adjudged and decreed to violate the consumer protection statutory claims asserted herein;
- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) cease charging an unlawful interest rate on its loans exceeding $2,500; (ii) and institute corrective advertising and providing written notice to the public of the unlawfully charged interest rate on prior loans;
- An order requiring imposition of a constructive trust and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and, also, to restore to Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent, or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;

- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery where necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;
- Prejudgment and post judgment interest;
- Exemplary and/or punitive damages for intentional misrepresentations pursuant to, *inter alia*, Cal. Civ. Code § 3294;
- Costs of this suit;
- Reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5;
- Public injunctive relief through the role as a Private Attorney General prohibiting Defendant Speedy Cash from future violations of the aforementioned unlawful and unfair practices, pursuant to Cal. Bus. & Prof. Code §§ 17204; and
- Awarding any and all other relief that this Court deems necessary or appropriate.

Dated: August 27, 2018                             Respectfully submitted,

**BLC LAW CENTER, APC**

By: __/s/ Ahren A. Tiller_____
Ahren A. Tiller, Esq.
Attorneys for Plaintiffs

# DEMAND FOR TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff, individually and on behalf of all others similarly situated, is entitled to, and demands, a trial by jury on all issues triable by jury.

Dated: August 27, 2018            Respectfully submitted,

**BLC LAW CENTER, APC**

By: __/s/ Ahren A. Tiller_____
      Ahren A. Tiller, Esq.
      Attorneys for Plaintifff